UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BARBARA A. MCGEE,**

      **Plaintiff,**

   v.

**UNITED STATES OF AMERICA,**

      **Defendant.**

Case No. 2:11-cv-798
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's motion for summary judgment. (ECF No. 19.)  For the reasons that follow, the Court finds the motion well taken.

### I.  Background

Plaintiff, Barbara McGee, is an Ohio citizen who from 1998 until 2002 made various investments totaling $325,000.00 with Complete Property Resources ("CPR"), a company that relied on private investors to conduct its business of buying and selling real estate.  In return for an investment, CPR would issue a high-interest promissory note to the investor.  Plaintiff originally benefitted from this arrangement by receiving monthly payments from CPR.  In December 2004, however, CPR began defaulting on making payments.  Monthly payments to Plaintiff then resumed for a brief period in 2005 before finally ceasing altogether in mid-2006.  CPR filed for bankruptcy in 2006, and the Ohio Department of Commerce, Division of Securities eventually issued a cease and desist order to CPR in 2007.

In October 2006, Plaintiff filed an amended tax return for 2004 and an application for a refund.  Plaintiff asserted that her investments losses constitute a 2004 loss that creates a net operating loss that can be carried back to 2001, 2002, and 2003.  The Internal Revenue Service

determined that Plaintiff had not sustained a deductible loss for 2004 and disallowed the refund claims for all four years.

Plaintiff subsequently filed the instant action on September 1, 2011, asserting a single claim for a refund of taxes under 26 U.S.C. § 7422 against Defendant, the United States of America. (ECF No. 1.) She seeks a refund of $30,347.00 for taxes she claims were erroneously collected in 2004. Defendant has filed a motion for summary judgment. (ECF No. 19.) Despite obtaining an extension of time in which to file a memorandum in opposition, Plaintiff failed to file any response to the motion. (ECF No. 21.) Briefing on the motion has closed, and the motion is ripe for disposition.

## II. Discussion

### A. Standard involved

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A

genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

### B. Analysis

The premise of Plaintiff's lawsuit is that because she was a victim of a scheme by CPR that constituted theft under state law, she is entitled to claim a theft loss deduction and obtain a refund of losses pursuant to 26 U.S.C. § 7422(a) and (c). Defendant does not dispute that Plaintiff was involved in CPR's scheme and that a loss might properly be characterized as an investment loss for a later taxable year than the year Plaintiff argues applies. Rather, Defendant disputes that Plaintiff can substantiate her claimed loss and that 2004 is the proper year for which Plaintiff can claim a theft loss deduction. This latter point proves dispositive of the instant case.

Both parties agree that the Internal Revenue Code allows a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." 26 U.S.C. § 165(a). This deduction encompasses losses incurred in any transaction entered into for profit. 26 U.S.C. § 165(c)(2). Any such loss that arises from theft is treated as sustained during the taxable year in which the taxpayer discovers the loss. 26 U.S.C. § 165(e).

Defendant argues that a loss is deductible only in the year that it is determined that the taxpayer had no reasonable prospect of recovery. This is correct. *See Vincentini v. C.I.R.*, 429 F. App'x 560, 564 (6th Cir. 2011) ("the Court must examine a taxpayer's reasonable

expectations at the close of the taxable year in which the deduction was claimed"); *see also Estate of Scofield v. Comm'r*, 266 F.2d 154, 163 (6th Cir. 1959). The Sixth Circuit has explained:

> In describing the year a taxpayer may claim a loss deduction, treasury regulations provide instructions on the impact of recovering that loss:
>
>> If a casualty or other event occurs which may result in a loss and, in the year of such casualty or event, there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss with respect to which reimbursement may be received is sustained, for purposes of section 165, until it can be ascertained with reasonable certainty whether or not such reimbursement will be received. Whether a reasonable prospect of recovery exists with respect to a claim for reimbursement of a loss is a question of fact to be determined upon an examination of all facts and circumstances.
>
> [Treas. Reg. § 1.165–1(d)(2)(I)]. This reasonable-prospect requirement directly impacts theft losses and when such a deduction may be taken by a taxpayer. *See id.* § 1.165–1(d)(3).

*Vincentini*, 429 F. App'x at 564. The court of appeals has also recognized that " '[a] reasonable prospect of recovery exists when the taxpayer has bona fide claims for recoupment from third parties or otherwise, and when there is a substantial possibility that such claims will be decided in his favor.' " *Id.* (quoting *Ramsay Scarlett & Co. v. Comm'r*, 61 T.C. 795, 811 (1974)). This inquiry mandates that a court "examine a taxpayer's reasonable expectations at the close of the taxable year in which the deduction was claimed." *Id.*

The relevant year here is 2004. Plaintiff received a check each month of that year through November, when she received a check from CPR dated November 5, 2004. (ECF No. 19-14, at 21.) No December 2004 check arrived for Plaintiff. Even assuming *arguendo* that this sequence supports that Plaintiff discovered a theft in December 2004, a doubtful proposition,

4

there is no evidence before this Court that suggests that there was a lack of any reasonable prospect of recovery *by the end of 2004*.

Plaintiff's own testimony undercuts that she subjectively held a belief of no reasonable recovery at that point in time. In her deposition, Plaintiff stated that she eventually considered suing CPR, but "after I talked to the attorney, I found out that the lawsuit wouldn't have done me any good anyway. I would have gotten a judgment and that was it." (ECF No. 19-14, at 24.) Of greater importance here is whether objectively there was a reasonable prospect of recovery by the end of 2004. *See Vincentini*, 429 F. App'x at 564. There was not. One missing check does not create a reasonable inference of an inability to recover any loss. Rather, a missed payment introduces only uncertainty; as Defendant correctly notes, "there is no evidence that [Plaintiff] learned in 2004 that CPR was unwilling or unable to pay back all of part of her investments." (ECF No. 19, at 25.) This uncertainty and dearth of evidence are important because, as the Sixth Circuit has noted, "in a year where the prospect of recovery is simply unknowable, a theft-loss deduction under section 165 is inappropriate." *Id.*

The burden is on Plaintiff to prove that she is entitled to a deduction for theft loss. *See Vincentini*, 429 F. App'x at 564; *Jeppsen v. Comm'r*, 128 F.3d 1410, 1418 (10th Cir. 1997). Plaintiff has not directed this Court to any evidence suggesting that she could meet her burden, or even evidence that a genuine issue of material fact exists on the issue. Defendant is therefore entitled to summary judgment. *See Zinn v. United States*, No. 1:11 CV 278, 2012 WL 3538047 (N.D. Ohio July 26, 2012) (granting summary judgment against taxpayer); *Cramer v. United States*, No. 1:11 CV 276, 2012 WL 3538022 (N.D. Ohio July 25, 2012) (same). Because the reasonable prospect of recovery issue proves dispositive, the Court need not and does not opine

on Defendant's alternative arguments for dismissal.

## III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment.  (ECF No. 19.)  The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE